Gen. 263]                                                                  263

**MUNICIPALITIES**

**VEHICLE LAWS – CITY OF COLLEGE PARK DOES NOT HAVE
AUTHORITY TO ESTABLISH ITS OWN ADMINISTRATIVE
SYSTEM TO ADJUDICATE PARKING VIOLATIONS**


January 5, 1993


*The Honorable Arthur Dorman*
*Maryland Senate*

*The Honorable Timothy Maloney*
*The Honorable Pauline Menes*
*The Honorable Jim Rosapepe*
*House of Delegates*

You have requested our opinion whether the City of College Park may establish its own administrative system to adjudicate violations of the City's parking ordinance. For the reasons stated below, we conclude that the City of College Park does not have the authority to establish such a system.[1]


**I**

**Analysis**

In your letter, you noted that there are two specific proposals for the administrative adjudication of parking violations. One of these is to establish a City parking board or hearing officer to consider parking cases, with the right of *de novo* appeal to the District Court. The other is to offer parking violators an election to have the matter heard in the District Court or an administrative body or officer. The question has arisen whether the City has the authority to establish this sort of administrative adjudication system under current law.

---

[1] We have not been asked, and therefore do not consider, whether legislation that would grant such authority raises any constitutional issue.

As a municipal corporation, the City of College Park enjoys home rule status under Article XI-E of the Maryland Constitution. In interpreting the powers of municipal corporations, the Court of Appeals has said that the overall purpose of Article XI-E is to allow municipal corporations to govern themselves in matters of local concern. *Birge v. Town of Easton*, 274 Md. 635, 644 337 A.2d 435 (1975). Nevertheless, municipal corporations are still subject to the general laws enacted by the General Assembly. *See* 67 *Opinions of the Attorney General* 307, 308 (1982). The General Assembly has enacted such a law concerning motor vehicles.

The Maryland Vehicle Law, §§11-101 through 27-109 of the Transportation Article, Maryland Code, is a comprehensive law regulating the use of motor vehicles. This law applies statewide. Moreover, except as expressly authorized, it pre-empts all local regulation of matters dealt with in the Vehicle Law. §25-101.1. Although the Vehicle Law expressly allows local authorities to exercise their police powers to regulate parking, §26-102(a)(1), specific provisions of law limit the exercise of this authority.

The Vehicle Law expressly provides that any political subdivision may adopt ordinances that regulate the parking of vehicles and provide for the issuance of citations for violations. §§26-301(b)(1) and (4) and 26-302. *See also* 73 *Opinions of the Attorney General* 252, 254 (1988). The person receiving the citation may either pay the subdivision for the violation or "elect to stand trial for the violation." §26-303(a). The Chief Judge of the District Court is directed to adopt procedures for trial of parking violations. §26-304. Moreover, the District Court is to give notice to the Motor Vehicle Administration if the person who elects to stand trial fails to do so. §26-305(a)(2).

Referring to the part of the Vehicle Law pertaining to parking, this office has described it as "a specific and complete scheme ... for violations of parking ordinances enacted by local political subdivisions." 64 *Opinions of the Attorney General* 314, 315 (1979). Although State law allows the subdivisions to enact their own parking ordinances, the references to "election to stand trial" and to the District Court make it quite clear that the adjudication of violations is to take place in the District Court. Moreover, because parking offenses are deemed petty criminal offenses, this office has concluded that they are to be processed in a manner analogous to

that for other minor criminal offenses. 64 *Opinions of the Attorney General* 307, 310 (1979). *See also* 55 *Opinions of the Attorney General* 302, 305 (1970). The District Court has exclusive jurisdiction over violations of municipal ordinances, except for felonies. §4-301(b)(3) of the Courts and Judicial Proceedings Article, Maryland Code.[2]

## II

### Conclusion

Because State law clearly provides for the trial of violations of local parking ordinances in the District Court as petty criminal offenses, it is our opinion that neither College Park nor any other municipal corporation may use its home rule powers to provide for the administrative adjudication of such violations.

> J. Joseph Curran, Jr.
> *Attorney General*
>
> Richard E. Israel
> *Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*

---

[2] "[T]he District Court has exclusive original jurisdiction in a criminal case in which a person ... is charged with ... [v]iolation of a county, municipal, or other ordinance, if the violation is not a felony."